**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BROWN & PIPKINS, LLC,**<br><br>    Debtor. | **Chapter 11**<br><br>**Case No. 17-71772-lrc** |
| **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ,**<br><br>    Movant,<br><br>**v.**<br><br>**BROWN & PIPKINS, LLC,**<br><br>    Respondent. | **CONTESTED MATTER** |

**NOTICE OF HEARING**

   **PLEASE TAKE NOTICE** that Service Employees International Union, Local 32BJ has filed a "Motion to Dismiss Chapter 11 Case or in the Alternative Convert to Chapter 7" (the "Motion") with the Court seeking an order dismissing the case.

   **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in **Courtroom 1204, United States Courthouse, Atlanta Division, Richard B. Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303, at 10:15 a.m. on April 11, 2019.** Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive, SW, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

   This 19th day of March, 2019.

                        **JONES & WALDEN, LLC**
                         /s/ *Leslie M. Pineyro*
                         Leslie M. Pineyro
                         Georgia Bar No. 8969800
                         Attorney for Movant
                         21 Eighth Street, NE
                         Atlanta, GA 30309
                         (404) 564-9300
                         ljones@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BROWN & PIPKINS, LLC,**<br><br>    Debtor.| **Chapter 11**<br><br>**Case No. 17-71772-lrc** |
| **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ,**<br><br>    Movant,<br><br>**v.**<br><br>**BROWN & PIPKINS, LLC,**<br><br>    Respondent. | **CONTESTED MATTER** |

**MOTION TO DISMISS CHAPTER 11 CASE OR IN THE
ALTERNATIVE CONVERT TO CHAPTER 7**

COMES NOW Service Employees International Union, Local 32BJ ("Movant") and hereby files this "Motion to Dismiss Chapter 11 Case or in the Alternative Convert to Chapter 7" (the "Motion"). In support of the Motion, Movant shows the Court as follows:

**SUMMARY OF REQUESTED RELIEF**

**Jurisdiction**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.    On December 19, 2017 (the "Petition Date"), Brown & Pipkins, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (Atlanta Division).

3. Movant is the holder of an unsecured claim against the above-named Debtor based upon, without limitation, an arbitration award (the "Award") in the amount of $752,198.51 (the "Debt").

4. Movant filed Proof of Claim No. 12 on April 6, 2018 reflecting the Debt.

## RELIEF REQUESTED

5. Movant requests the Court dismiss this bankruptcy case or in the alternative convert it to a Chapter 7.

## BASIS FOR RELIEF

6. Under Section 1112(b) of the Bankruptcy Code, a court may dismiss a debtor's Chapter 11 case "for cause."  11 U.S.C. § 1112(b); In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984); In re Blunt, 236 B.R. 861, 864 (Bankr. M.D. Fla. 1999).  Section 1112(b) states, in pertinent part:

> (b) …on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may…dismiss a case under this chapter…for cause…

11 U.S.C. § 1112(b).  A determination of cause is made by the court on a case-by-case basis. See Albany Partners, 749 F.2d at 674.  In addition, a bankruptcy court is not required to explain its reasons for dismissal in detail because such decisions are particularly delegated to the bankruptcy court's sound discretion.  See In re Camdon Ordnance Mfg. Co. of Arkansas, Inc., 1999 WL 587790, at *2 (Bankr. E.D. Pa. 1999) (citing In re Atlas Supply Corp., 837 F.2d 1061, 1063 (5th Cir. 1988)).  Therefore, it is clear that the Court is authorized to dismiss the Debtor's Chapter 11 case upon a showing of "cause."

7. The legislative history of Section 1112(b) indicates that a court has wide discretion to use its equitable powers to dispose of a debtor's case.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, see also In re Preferred Door Co., 990 F.2d 547, 549 (10th Cir. 1993) (a court

has broad discretion to dismiss a bankruptcy case); In re Sullivan Cent. Plaza I, Ltd., 935 F.2d 723, 728 (5th Cir. 1991) (determination of whether cause exists under Section 1112(b) "rests in the sound discretion" of the bankruptcy court); In re Koerner, 800 F.2d 1358, 1367 & n. 7 (5th Cir. 1986) (bankruptcy court is afforded "wide discretion" under Section 1112(b); Albany Partners, 749 F.2d at 647.  For reasons more fully explained below, the Court should use its grant of broad authority to dismiss the Debtor's Chapter 11 case.

8. Section 1112 provides a nonexclusive list grounds for dismissal.  11 U.S.C. § 1112; Frieouf v. U.S., 938 F.2d 1099, 1102 (10th Cir. 1991) (Section 1112's list is non-exhaustive); Blunt, 236 B.R. at 864. Cause for dismissal of bankruptcy case is not limited to examples enumerated in 11 U.S.C. § 1112 but is matter of discretion for court. In re Mid-Valley Aggregates, Inc. 49 BR 498 (Bankr. D.N.D.,1985). One such ground is where a party-in-interest shows that there is an "inability to effectuate a plan [of reorganization]".  11 U.S.C. § 1112(b)(2); Preferred Door Co., 990 F.2d at 549; Sullivan Cent. Plaza I, 935 F.2d at 728.  See also §1129(4)(A) (cause includes "continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"). Courts have additionally found cause for dismissal where no bankruptcy purpose would be served by the continuation of the case.  See In re Forum Health, 444 B.R. 848, (Bankr. N.D. Ohio, 2011).  Thus, the Court may dismiss the Debtor's Chapter 11 case where it is reasonably shown that the Debtor is unable to effectuate a plan or where there is no bankruptcy purposes served by continuation of the bankruptcy.  Here, Movant shows that Debtor cannot effectuate a plan and there is no legitimate bankruptcy purpose.

9. Inability to effectuate a plan arises when a debtor lacks the capacity to "formulate a plan or carry one out" or where the "core" for a workable plan of reorganization "does not exist." See Preferred Door, 990 F.2d at 549 (quoting Hall v. Vance, 887 F.2d 1041, 1044 (10th Cir. 1989)) (inability to effectuate a plan arises where debtor lacks capacity to formulate a plan or carry one out); Blunt, 236 B.R. at 865 (cause found to dismiss debtor's case under Section 1112(b)(2) where "core" for a workable plan of reorganization found to be nonexistent).  Such is the case here.

10. Once a court determines that cause exists to dismiss a debtor's Chapter 11 case, the court evaluates whether dismissal is in the best interests of the creditors and of the estate. See In re Superior Sliding & Window, Inc., 14 F.3d 240, 243 (4th Cir. 1994); In re Mazzacone, 185 B.R. 402, 411 (Bankr. E.D. Pa. 1995), aff'd 200 B.R. 568 (E.D. Pa. 1996); In re Warner, 83 B.R. 807, 809 (Bankr. M.D. Fla. 1988). A variety of factors demonstrate that it is in the best interest of the creditors and the Debtor's estate to dismiss the Debtor's Chapter 11 case.

11. The continuation of this case as a Chapter 11 is only serving to increase administrative claims and the debt owed to the Internal Revenue Service, which has filed a proof of claim for $1,959,267.23, including a secured claim of $1,443,385.68 on "all of debtor(s) right, title and interest to property – 26 U.S.C. § 6321." Claim 9.

12. Debtor has not proposed a plan and the case has been pending for over fifteen months. Debtor is sitting in bankruptcy and protected by the automatic stay, but Debtor is doing nothing to provide a distribution to creditors. Importantly, Movant and the United States Trustee requested that Debtor amend its Voluntary Petition at the 341 Meeting of Creditors held on January 25, 2018, because it improperly included another entity (Acsential, Inc.) as a "dba" and such is creating confusion regarding the applicability of the automatic stay to such non-debtor entity. However, despite follow up requests by Movant's counsel, the Voluntary Petition has not been amended.

13. According to the Final Cash Collateral Order (Dkt. 47), Debtor projected Net Income of $35,898.89 - $41,079.89 for the months of February 2018 through November 2018.

14. Debtor's December 2018 Monthly Operating Report (Dkt. 97) shows that the Debtor lost $61,857.26 in the course of business operations during that month. During that month, Deidra F. Brown, CEO of Debtor, was paid $7,916.66. Dkt. 97 at 18.

15. Debtor's most recent Monthly Operating Report (January 2019, Dkt. 98) shows that the Debtor lost $2,022.86 in the course of business operations during that month.

16. In the event the Court does not dismiss this case, Movant requests the Court convert the case to Chapter 7.

## NOTICE

17. Notice of this Motion shall be given to (a) the Office of the United States Trustee; (b) all creditors; and (c) all parties in interest.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an Order (a) dismissing the Debtor's Chapter 11 case under Section 1112(b) of the Bankruptcy Code; or (b) alternatively converting the case to Chapter 7; and (c) granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of March, 2019.

**JONES & WALDEN, LLC**

/s/ *Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Movant
21 Eighth Street, NE
Atlanta, GA 30309
(404) 564-9300
lpineyro@joneswalden.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**BROWN & PIPKINS, LLC,**<br><br>  Debtor. | **Chapter 11**<br><br>**Case No. 17-71772-lrc** |
| **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 32BJ,**<br><br>  Movant,<br><br>v.<br><br>**BROWN & PIPKINS, LLC,**<br><br>  Respondent. | **CONTESTED MATTER** |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Motion to Dismiss Chapter 11 Case or in the Alternative Convert to Chapter 7* (the "Motion") and *Notice of Hearing* (the "Hearing Notice") were served via the Bankruptcy Court's Electronic Case Filing program, which sends a notice of and accompanying link to the Motion and the Hearing Notice to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing Program:

- Kathleen G. Furr: kfurr@bakerdonelson.com; mparris@bakerdonelson.com;
- Brooke E. Heinz: bheinz@law.ga.gov
- Alan C. Hochheiser: ahochheiser@mauricewutscher.com; arodriguez@mauricewutscher.com;
- S. Gregory Joy: sgjoy@smithcurrie.com;
- Lindsay P. S. Kolba: lindsay.p.kolba@usdoj.gov; lisa.maness@usdoj.gov;
- Paul Reece Marr: paul.marr@marrlegal.com; paulrmarr@gmail.com;
- Eugene B. "Trey" McLeod: tmcleod@dew.sc.gov; ecf@dew.sc.gov;
- Thomas Richelo: trichelo@richelolaw.com;
- Kevin A. Stine: kstine@bakerdonelson.com; mparris@bakerdonelson.com; kfurr@bakerdonelson.com; and
- Stuart Freeman Wilson-Patton: agbankgeorgia@ag.tn.gov; Stuart.Wilson-Patton@ag.tn.gov.

-8-

   I further certify that on this day I have served a copy of the Motion and the Hearing Notice via first class mail, postage prepaid, upon the parties listed on the attached mailing matrix

This 19th day of March, 2019.

                   **JONES & WALDEN, LLC**
                   /s/ *Leslie M. Pineyro*
                   Leslie M. Pineyro
                   Georgia Bar No. 969800
                   Attorney for Movant
                   21 Eighth Street, NE
                   Atlanta, GA 30309
                   (404) 564-9300
                   lpineyro@joneswalden.com

```
Label Matrix for local noticing                                                             American Express Bank, FSB
113E-1                                                                                      c/o Becket and Lee LLP
Case 17-71772-lrc                                                                           PO Box 3001
Northern District of Georgia                                                                Malvern  PA 19355-0701
Atlanta
Tue Mar 19 13:08:19 EDT 2019

Bldg Serv 32BJHealthFund et al                                                              Bldging Service 32BJ HealthFund, et al
25 West 18th Street                                                                         Raab, Sturm & Ganchrow, LLP, Attn:
New York, NY 10011-1991                                                                     2125 Center Avenue, Suite 100
                                                                                            Fort Lee, NJ 07024-5810


Brown & Pipkins, LLC             Constangy, Brooks & Smith LLP                              County Of Fairfax
P.O. Box 312245                  230 Peachtree Street NW                                    c/o Fairfax County Office Of the
Atlanta, GA 31131-2245           Suite 2400                                                 County Attorney
                                 Atlanta, GA 30303-1557                                     12000 Govt. Center Parkway Suite 549
                                                                                            Fairfax VA 22035


Deidre F. Brown                  Dept. of Justice-Tax Division
2950 Stone Hogan Conn #5         Chief Civil Trial   , S Region
Atlanta, GA 30331-2837           POBox14198, BenFranklinStation
                                 Washington, DC 20044-4198


Fairfax Cnty Dept of Tax Admin   FordHarrison LLP                                           Frederick L. Wright, Esq.
Government Center                Attn: Kevin M. Williams                                    Vaughn, Wright & Boyer LLP
12000 Government Center Parkwa   1300 19th Street NW; Suite 300                             1205 Johnson Ferry Rd,#136-448
Fairfax, VA 22035-0002           Washington, DC 20036-1628                                  Marietta GA 30068-5418


                                 GA DOL Wage and Hour Division                              Garvin Lee Oliver, Arbitrator
                                 Bettina Campbell, Investigator                             9084 Belvoir Woods Parkway
                                 148 Andrew Young Int'l Blvd NE                             Fort Belvoir VA 22060-2702
                                 Atlanta GA 30303-1732


                                                                                            Georgia Dept of Transportation
                                                                                            Attn: Joanna M. Campbell
                                                                                            600 W Peachtree St, Suite 2300
                                                                                            Atlanta, GA 30308-3607


Georgia Dept. of Labor           Georgia Dept. of Labor                                     HLB Gross Collins, PC
Suite 826                        Suite 910                                                  J. Keith Moody
148 Andrew Young Inter. Blvd., NE 148 Andrew Young Inter. Blvd., NE                         3330 Cumberland Parkway
Atlanta GA 30303-1751            Atlanta GA 30303-1751                                      Suite 900
                                                                                            Atlanta, GA 30339-5998


                                 Harbin's Outdoors LLC
                                 c/o Brandy M. Lee
                                 Suite 600
                                 2100 First Avenue North
                                 Birmingham Alabama 35203-4272


Hirschler Fleischer, Attorneys
PO Box 500
Richmond, VA 23218-0500
```

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
401 W. Peachtree St NW
Stop 334-D
Atlanta, GA 30308

John L. Monroe, Jr.
271 17th Street, NW
Suite 1900
Atlanta, GA 30363-6202

Lauren P. McDermott
Mooney, Green, Saindon, Murphy, & W
1920 L Street NW
Suite 400
Washington, DC 20036-5041

Massey Pest Prevention
249 E. Memorial Drive
Dallas, GA 30132-4319

Miller & Martin PLLC
1180 West Peachtree St. NW
Suite 2100
Atlanta, GA 30309-3495

Miller & Martin PLLC
ATTN: M. Craig Smith, Esq.
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2285

Pam's Cleaning Service, LLC
2200 Roger Vanhook Road
Clarkesville, GA 30523-2419

SEIU Local 32BJ
c/o Mark Hanna, Esq.
1401 K Street NW, Suite 300
Washington, DC 20005-3422

SMARTONE Backgound Screening
Select Data Solutions
2712 Middleburg Drive; Suite 2
Columbia, SC 29204-2415

Safety-Kleen/Clean Harbors
600 Longwater Drive
Norwell, MA 02061-1639

Santek Waste Services, Inc.
Waste Service of Tennessee
1387 Wisdom Street
Chattanooga, TN 37406-1749

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington, DC 20200

Seneca Insurance Company
c/o Soffer, Rech and Borg, LLP
26th Floor
48 Wall Street
New York NY 10005-2900

Service Employees International Union, Local
Walter M. Meginniss, SEIU Local 32BJ
25 W. 18th Street
New York, NY 10011-4677

(p)SC DEPARTMENT OF EMPLOYMENT AND WORKFORCE
PO BOX 8597
COLUMBIA SC 29202-8597

TACS
for Fairfax County DTA
PO Box 31800
Henrico, VA 23294-1800

The Hanover Insurance Company
c/o James W. Martin, Esq.
3945 Holcomb Bridge Road, #300
Norcross, GA 30092-5200

U. S. Securities and Exchange Commission
Office of Reorganization
Suite 900
950 East Paces Ferry Road, NE
Atlanta, GA 30326-1382

U.S. Attorney
600 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

US Army Corps of Engineers
Contracting Division
1325 J Street
Sacramento, CA 95814-2922

US Army Corps of Engineers
Contracting Division
69-A Hagood Avenue
Charleston, SC 29403-4364

US DOL/Wage Hour Division
c/o US DOL/Office Of The Solicitor
Room 7T10
61 Forsyth Street SW
Atlanta GA 30303-8816

Universal Printing
Solutions, Inc.
10573 West Pico Blvd. #610
Los Angeles, CA 90064-2333

VettFirst Security
2712 Middleburg Drive
Suite 224
Columbia, SC 29204-2415

WELLS FARGO BANK SMALL BUSINESS LENDING DIVI
P.O. Box 29482
Phoenix, AZ 85038-8650

Wells Fargo Bank N.A., d/b/a Wells Fargo Dea
P.O. Box 19657
Irvine, CA 92623-9657

Wells Fargo Bank, N.A.
401 N Research Pkwy, 3rd Floor
MAC #D4004-032
Winston Salem, NC 27101-4157

Wells Fargo Business Card
420 Montgomery Street
San Francisco, CA 94104-1298

Worldwide Business Group, LLC
PO Box 312245
Atlanta, GA 31131-2245